What we here say is merely supplemental to our opinion of February 13, 1940, reversing and remanding the *Page 1311 
decree appealed from. We make this addition because it was argued on petition for rehearing that the opinion was a departure from our decision in Orris v. Whipple, 224 Iowa 1157, 280 N.W. 617. Such an inference might possibly arise because in the statement of facts we set out an escrow agreement, which was introduced in evidence, providing that the grantor might repossess the deed during his life. That part of the statement might well have been omitted, although it was properly a part of the history of the case. The escrow agreement had no bearing upon the determination of the case, and the holding in the Orris case had no application whatsoever. It was also urged that the conveyance was a voluntary one, because the grantee stated that the grantor had given him the property. The deed on its face recited valuable consideration and testimony introduced by the plaintiff established valuable consideration. The rehearing is denied. — Reversed and remanded.
 *Page 1